## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| **LISA RIEGEL**, | : | |
| 616 E. 6th Street | : | |
| Marysville, OH 43040 | : | Civil Action No.: 2:17-cv-1112 |
| | : | |
|  and | : | JUDGE |
| | : | |
| **ANYAH DAGENFIELD**, | : | MAGISTRATE JUDGE |
| 191 Chapelfield Rd., | : | |
| Gahanna, OH 43230 | : | |
| | : | |
|     Plaintiffs, | : | |
| | : | |
|     v. | : | |
| | : | |
| **KANA HOTELS, INC.**, | : | |
| c/o Registered Agent | : | **Jury Demand Endorsed Hereon** |
| Columbus Hotel Partnership LLC | : | |
| 2700 Corporate Exchange Drive | : | |
| Columbus, OH 43231 | : | |
| | : | |
|  and | : | |
| | : | |
| **ALPESH PATEL**, | : | |
| 2700 Corporate Exchange Drive | : | |
| Columbus, OH 43231 | : | |
| | : | |
|     Defendants. | : | |
| | : | |

## COMPLAINT

NOW COMES Plaintiffs Lisa Riegel and Anyah Dagenfield ("Plaintiffs") and proffer this Complaint for damages against Defendants Kana Hotels, Inc. and Alpesh Patel (hereinafter "Defendants").

## JURISDICTION AND VENUE

1.      This action is brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C.

§201, *et seq.*, and the Ohio Minimum Fair Wage Standards Act, O.R.C. Chapter 4111 ("Chapter

4111").

2.      Jurisdiction is conferred upon this Court by 28 U.S.C. § 1331 and 29 U.S.C. §

1332(e), which provide for original jurisdiction of Plaintiffs' claims arising under the law of the

United States and over actions to secure equitable and other relief.

3.      This Court has jurisdiction over Plaintiffs' claims under the statutory law of Ohio

pursuant to supplemental jurisdiction as codified at 28 U.S.C. § 1367.

4.      Venue is proper in this forum pursuant to 28 U.S.C. §1391, because Plaintiffs entered

into an employment relationship with Defendants in the Southern District of Ohio and performed

their job duties there, and Defendants are doing and have done substantial business in the Southern

District of Ohio.

## THE PARTIES

5.      Plaintiff Riegel is an individual, a United States citizen, and a resident of the state of

Ohio.  Plaintiff Riegel resides in Union County, Ohio.

6.      Plaintiff Dagenfield is an individual, a United States citizen, and a resident of the

state of Ohio.  Plaintiff Dagenfield resides in Franklin County, Ohio

7.      Defendant Kana Hotels, Inc. is a foreign corporation registered to do business in

Ohio.

8.      Defendant Patel is an individual. Upon information and belief, Defendant Patel owns,

in whole or part, Defendant Kana Hotels, Inc.

2

9.     At all times relevant herein, the Plaintiffs were employees of Defendants as that term is defined in the FLSA and O.R.C. Chapter 4111.

10.     At all times relevant herein, Defendants were covered employers as that term is defined in the FLSA and O.R.C. Chapter 4111.

11.     At all times relevant to this action, Defendants were engaged in commerce or in the production of goods for commerce, and/or the business activities of Defendants constituted an enterprise engaged in commerce within the meaning of the FLSA.

**FACTUAL BACKGROUND**

12.     Plaintiff Riegel first began her employment with Defendants in or around September 2016.

13.     Plaintiff Dagenfield first began her employment with Defendants in or around September 2016.

14.     Throughout Plaintiffs' employment, they worked as bartenders at Defendants' Embassy Suites Hotel, located at 2700 Corporate Exchange Dr, Columbus, OH 43231.

15.     Plaintiffs were tipped employees.

16.     Plaintiffs and other bartenders worked defined shifts.

17.     Bartenders on a defined shift split tips evenly as part of a tip pool.

18.     During all times relevant herein, Plaintiffs reported to the Bar Manager, Jessica McFarland.

19.     As the Bar Manager, Ms. McFarland supervised and controlled the bartenders' work schedules and conditions of employment, trained new bar employees, had the power to hire and fire bar employees, determined raises and promotions, and maintained the sales and time records for the bar employees.

3

20.    Ms. McFarland listed herself as a "bartender" on the schedules she created.

21.    On the shifts Ms. McFarland listed herself as a bartender on the schedule, she would take 50% of the tips.

22.    On the shifts Ms. McFarland listed herself as a bartender on the schedule, she was the only Bar Manager scheduled.

23.    On the shifts Ms. McFarland listed herself as a bartender on the schedule, her primary duties and responsibilities were that of the Bar Manager.

24.    On the shifts Ms. McFarland listed herself as a bartender on the schedule, Ms. McFarland would rarely bartend for any significant portion of her shift.

25.    Despite being a member of management, Ms. McFarland still takes 50% of the tips.

26.    On or about October 30, 2017, Plaintiff Riegel complaint to Defendants about the "forced tip pool" and complained that it is unlawful for Ms. McFarland, as a manager, to take tips from the bartenders.  Plaintiff Riegel also stated that Ms. McFarland has admitted to her that the practice was unlawful.

27.    After Plaintiff Riegel made complaints about the unlawful tip pool structure, her hours and shifts were drastically reduced.

28.    From time to time, Plaintiffs worked more than 40 hours in a workweek.

## FIRST CAUSE OF ACTION (Both Plaintiffs)
### FLSA – Invalid Tip Pool; Unlawful Retention of Tips; Failure to Pay Minimum Wage

29.    All of the preceding paragraphs are realleged as if fully rewritten herein.

30.     Plaintiffs were employees of Defendants within the previous three years of the filing of this Complaint.

31.     Plaintiffs were part of a tip pool where a portion of the tips were retained by the employer and/or management.

32.     Defendants unlawfully retained tips belonging to Plaintiffs.

33.     Defendants were aware that management unlawfully retained tips belonging to Plaintiffs.

34.     Defendants unlawfully claimed a "tip credit."

35.     Defendants knew or should have known of the minimum wage payment requirement of the FLSA, and that Plaintiffs are entitled to no less than minimum wage for all hours worked.

36.     Defendants' refusal to properly compensate Plaintiffs as required by the FLSA was willful.

37.     As a result of Defendants' actions, Plaintiffs have been damaged.

**SECOND CAUSE OF ACTION (Both Plaintiffs)**
**OMFWSA and Ohio Constitution, Article II § 34(a) - Invalid Tip Pool; Unlawful Retention of Tips; Failure to Pay Minimum Wage**

38.     All of the preceding paragraphs are realleged as if fully rewritten herein.

39.     This claim is brought under Ohio law.

40.     Defendants unlawful retention of tips, unlawful claiming of a tip credit, and the failure to pay minimum wages are violations of Ohio law and the Ohio Constitution

**THIRD CAUSE OF ACTION (Both Plaintiffs)**
**FLSA – Failure to Pay Overtime**

41.     All of the preceding paragraphs are realleged as if fully rewritten herein.

5

42.     Defendants failed to pay Plaintiffs one and one-half times their regular rate of pay for all hours worked in excess of 40 in a workweek.

43.     Defendants knew or should have known of the overtime payment requirement of the FLSA, and that Plaintiffs are non-exempt employees, entitled to one and one-half times their regular rates of pay for all hours worked in excess of 40 in a workweek.

44.     Defendants' refusal to properly compensate Plaintiffs as required by the FLSA was willful.

45.     By not paying Plaintiffs their overtime rate for time worked in excess of forty hours in a workweek, Defendants have violated the FLSA and Plaintiffs have been damaged.

## FOURTH CAUSE OF ACTION (Both Plaintiffs)
### OMFWSA – Failure to Pay Overtime

46.     All of the preceding paragraphs are realleged as if fully rewritten herein.

47.     Defendants failed to pay Plaintiffs one and one-half time their regular hourly rates of pay for all hours worked in excess of 40 per workweek.

48.     By not paying Plaintiffs their overtime rate for time worked in excess of forty hours in a workweek, Defendants have violated the OMFWSA and Plaintiffs have been damaged.

## FIFTH CAUSE OF ACTION (Both Plaintiffs)
### R.C. 4113.15 – Failure to Tender Pay by Regular Payday

49.     All of the preceding paragraphs are realleged as if fully rewritten herein.

50.     Plaintiffs asserts this claim under R.C. 4113.15, which requires Defendants to pay its employees within thirty (30) days of when they performed compensable work.

51.     At all times relevant herein, Defendants failed to make proper wage payments to Plaintiffs for wages, tips, and overtime.

6

52.     By failing to make the wage payments within 30 days of when such payments were due, Defendants have violated R.C. 4113.15.

### SIXTH CAUSE OF ACTION (Plaintiff Riegel Only)
**FLSA – Retaliation**

53.     All of the preceding paragraphs are realleged as if fully rewritten herein.

54.     Plaintiff Riegel made complaints and opposed Defendants' unlawful pay practices.

55.     As a result of Plaintiff Riegel's complaints and opposition, her scheduled hours and shifts were reduced.

56.     As a result of Defendants' unlawful retaliation, Defendant Riegel has suffered lost wages and other compensation, and emotional distress.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs prays for the following relief:

   A.   A declaratory judgment that Defendants' practices complained of herein are unlawful under the FLSA and the OMFWSA;

   B.   An award of monetary damages, including unlawfully retained tips, unpaid minimum wages, unpaid overtime wages due under the FLSA, OMFWSA, and R.C. § 4113.15;

   C.   An award of liquidated damages and/or treble damages as a result of Defendant's failure to pay overtime compensation pursuant to 29 U.S.C. § 216 and R.C. § 4113.15;

   D.   An award of prejudgment and post judgment interest;

   E.   An award of costs and expenses of this action together with reasonable attorneys' fees and expert fees;

7

F.  Sixth Cause of Action -  Plaintiff Riegel Only – An award of lost wages and other compensation, and an award of compensatory damages, liquidated damages and/or pre/post judgment interest, attorneys' fees and costs.

G.  Such other legal and equitable relief as this Court deems appropriate, but in any event not less than $75,000.00.

Respectfully submitted,

/s/*Greg Mansell*
Greg R. Mansell (0085197)
(*Greg@MansellLawLLC.com*)
Carrie J. Dyer (0090539)
(*Carrie@MansellLawLLC.com*)
**Mansell Law, LLC**
1457 S. High St.
Columbus, OH 43207
Ph: (614) 610-4134
Fax: (513) 826-9311
*Counsel for Plaintiff*

## **JURY DEMAND**

Plaintiff hereby requests a jury of at least eight (8) persons.

/s/*Greg R. Mansell*
Greg R. Mansell (0085197)

8