# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| LISA RIEGEL, et al., | : | CASE NO. 2:17-cv-1112 |
| Plaintiffs, | : | Judge George C. Smith |
| | | Magistrate Judge Kimberly A. Jolson |
| v. | : | |
| KANA HOTELS, INC., et al., | : | **ANSWER OF DEFENDANT KANA HOTELS, INC. TO PLAINTIFFS'** |
| Defendants. | : | **AMENDED COMPLAINT** |

For its answer to the Amended Complaint of Plaintiffs Lisa Riegel and Anyah Dagenfield ("Plaintiffs"), Defendant Kana Hotels, Inc. ("Kana"), by and through counsel, hereby states as follows:

## FIRST DEFENSE

1. In response to the allegations contained in paragraph 1 of the Amended Complaint, Kana admits that this action is brought pursuant to the statutes pled, but denies the existence of any facts or circumstances justifying such claims.

2. Kana admits the allegations contained in paragraph 2 of the Amended Complaint.

3. Kana admits the allegations contained in paragraph 3 of the Amended Complaint.

4. In response to the allegations contained in paragraph 4 of the Amended Complaint, Kana admits that venue is proper in this forum pursuant to 28 U.S.C. §1391, that Plaintiffs entered into an employment relationship with Kana in the Southern District of Ohio, that the Plaintiffs performed their job duties in the Southern District of Ohio, and that Kana is doing and has done business in the Southern District of Ohio. Answering further, Kana denies the remaining allegations contained in paragraph 4.

5. In response to the allegations contained in paragraph 5 of the Amended Complaint, Kana admits that Plaintiff Riegel is an individual, a United States citizen, and a resident of the State of Ohio. Answering further, Kana is without knowledge or information sufficient to form a belief as to the truth of the allegation regarding Plaintiff Riegel's county of residence and, therefore, denies it.

6. In response to the allegations contained in paragraph 6 of the Amended Complaint, Kana admits that Plaintiff Dagenfield is an individual, a United States citizen, and a resident of the State of Ohio. Answering further, Kana is without knowledge or information sufficient to form a belief as to the truth of the allegation regarding Plaintiff Dagenfield's county of residence and, therefore, denies it.

7. Kana admits the allegations contained in paragraph 7 of the Amended Complaint.

8. Kana admits the allegations contained in paragraph 8 of the Amended Complaint.

9. In response to the allegations contained in paragraph 9 of the Amended Complaint, Kana admits that Plaintiffs were its employees as that term is defined in the FLSA and O.R.C. Chapter 4111. Answering further, Kana denies the remaining allegations contained in paragraph 9.

10. In response to the allegations contained in paragraph 10 of the Amended Complaint, Kana admits that, at all times relevant herein, it was a covered employer as that term is defined in the FLSA and O.R.C. Chapter 4111. Answering further, Kana denied the remaining allegations contained in paragraph 10.

11. In response to the allegations contained in paragraph 11 of the Amended Complaint, Kana admits that, at all times relevant to this action, Kana was engaged in commerce or in the production of goods for commerce, and/or the business activities of Kana constituted an

enterprise engaged in commerce within the meaning of the FLSA. Answering further, Kana denies the remaining allegations contained in paragraph 11.

12. In response to the allegations contained in paragraph 12 of the Amended Complaint, Kana admits that Plaintiff Riegel first began her employment with Kana on September 17, 2016. Answering further, Kana denies the remaining allegations contained in paragraph 12.

13. In response to the allegations contained in paragraph 13 of the Amended Complaint, Kana admits that Plaintiff Dagenfield first began her employment with Kana on September 16, 2016. Answering further, Kana denies the remaining allegations contained in paragraph 13.

14. In response to the allegations contained in paragraph 14 of the Amended Complaint, Kana admits that, throughout Plaintiffs' employment, they worked as bartenders at the Embassy Suites Hotel located at 2700 Corporate Exchange Dr., Columbus, Ohio 43231. Answering further, Kana denies the remaining allegations contained in paragraph 14.

15. Kana admits the allegations contained in paragraph 15 of the Amended Complaint.

16. Kana admits the allegations contained in paragraph 16 of the Amended Complaint.

17. Kana admits the allegations contained in paragraph 17 of the Amended Complaint.

18. Kana denies the allegations contained in paragraph 18 of the Amended Complaint.

19. Kana denies the allegations contained in paragraph 19 of the Amended Complaint.

20. In response to the allegations contained in paragraph 20 of the Amended Complaint, Kana admits that Ms. McFarland was a bartender and that she was listed as a bartender on the schedules. Answering further, Kana denies the remaining allegations contained in paragraph 20.

21. Kana denies the allegations contained in paragraph 21 of the Amended Complaint.

22. Kana denies the allegations contained in paragraph 22 of the Amended Complaint.

23. Kana denies the allegations contained in paragraph 23 of the Amended Complaint.

24. Kana denies the allegations contained in paragraph 24 of the Amended Complaint.

25. Kana denies the allegations contained in paragraph 25 of the Amended Complaint.

26. Kana admits the allegations contained in paragraph 26 of the Amended Complaint.

27. Kana denies the allegations contained in paragraph 27 of the Amended Complaint.

28. Kana denies the allegations contained in paragraph 28 of the Amended Complaint.

29. Kana admits the allegations contained in paragraph 29 of the Amended Complaint.

30. Kana denies the allegations contained in paragraph 30 of the Amended Complaint.

31. Kana denies the allegations contained in paragraph 31 of the Amended Complaint.

32. Kana denies the allegations contained in paragraph 32 of the Amended Complaint.

33. Kana denies the allegations contained in paragraph 33 of the Amended Complaint.

34. Kana denies the allegations contained in paragraph 34 of the Amended Complaint.

35. In response to the allegations contained in paragraph 35 of the Amended Complaint, Kana restates and incorporates by reference paragraphs 1 through 34 of this Answer as if they were restated herein.

36. In response to the allegations contained in paragraph 36 of the Amended Complaint, Kana admits that Plaintiffs were its employees within the three years prior to the filing of the Complaint. Answering further, Kana denies the remaining allegations contained in paragraph 36.

37. Kana denies the allegations contained in paragraph 37 of the Amended Complaint.

38. Kana denies the allegations contained in paragraph 38 of the Amended Complaint.

39. Kana denies the allegations contained in paragraph 39 of the Amended Complaint.

40. Kana denies the allegations contained in paragraph 40 of the Amended Complaint.

41. In response to the allegations contained in paragraph 41 of the Amended Complaint, Kana admits that it knew of the minimum wage payment requirement of the FLSA and that Plaintiffs were entitled to no less than the minimum wage for all hours worked. Kana denies the remaining allegations contained in paragraph 41. Answering further, Kana states that Plaintiffs were paid no less than the minimum wage for all hours worked.

42. Kana denies the allegations contained in paragraph 42 of the Amended Complaint.

43. Kana denies the allegations contained in paragraph 43 of the Amended Complaint.

44. In response to the allegations contained in paragraph 44 of the Amended Complaint, Kana restates and incorporates by reference paragraphs 1 through 43 of this Answer as if they were restated herein.

45. Kana admits the allegations contained in paragraph 45 of the Amended Complaint.

46. Kana denies the allegations contained in paragraph 46 of the Amended Complaint.

47. In response to the allegations contained in paragraph 47 of the Amended Complaint, Kana restates and incorporates by reference paragraphs 1 through 46 of this Answer as if they were restated herein.

48. Kana denies the allegations contained in paragraph 48 of the Amended Complaint.

49. In response to the allegations contained in paragraph 49 of the Amended Complaint, Kana admits that it knew of the overtime payment requirement of the FLSA, that Plaintiffs were non-exempt employees, and that Plaintiffs were entitled to one and one-half times their regular rates of pay for all hours worked in excess of 40 in a workweek. Answering further, Kana denies the remaining allegations contained in paragraph 49.

50. Kana denies the allegations contained in paragraph 50 of the Amended Complaint.

51. Kana denies the allegations contained in paragraph 51 of the Amended Complaint.

52. In response to the allegations contained in paragraph 52 of the Amended Complaint, Kana restates and incorporates by reference paragraphs 1 through 51 of this Answer as if they were restated herein.

53. Kana denies the allegations contained in paragraph 53 of the Amended Complaint.

54. Kana denies the allegations contained in paragraph 54 of the Amended Complaint.

55. In response to the allegations contained in paragraph 55 of the Amended Complaint, Kana restates and incorporates by reference paragraphs 1 through 54 of this Answer as if they were restated herein.

56. In response to the allegations contained in paragraph 56 of the Amended Complaint, Kana admits that Plaintiffs make a claim under O.R.C. §4113.15, which requires

Kana to pay its employees within thirty days of when they performed compensable work. Answering further, Kana denies the remaining allegations contained in paragraph 56.

57. Kana denies the allegations contained in paragraph 57 of the Amended Complaint.

58. Kana denies the allegations contained in paragraph 58 of the Amended Complaint.

59. In response to the allegations contained in paragraph 59 of the Amended Complaint, Kana restates and incorporates by reference paragraphs 1 through 58 of this Answer as if they were restated herein.

60. In response to the allegations contained in paragraph 60 of the Amended Complaint, Kana admits that Plaintiff Riegel engaged in a protected activity when she filed this lawsuit on December 18, 2017. Answering further, Kana denies the remaining allegations contained in paragraph 60.

61. Kana denies the allegations contained in paragraph 61 of the Amended Complaint.

62. Kana denies the allegations contained in paragraph 62 of the Amended Complaint.

63. Kana denies the allegations contained in paragraph 63 of the Amended Complaint.

64. Kana denies the allegations contained in paragraph 64 of the Amended Complaint.

65. Kana denies the allegations contained in paragraph 65 of the Amended Complaint.

## SECOND DEFENSE

66. The Amended Complaint fails to state a claim upon which relief can be granted.

## THIRD DEFENSE

67. Plaintiffs are estopped from recovering damages against Kana to the extent that they have failed to mitigate their damages, if any.

## FOURTH DEFENSE

68. Kana asserts the affirmative defense of waiver and/or laches.

## FIFTH DEFENSE

69. Kana asserts the affirmative defense of estoppel.

## SIXTH DEFENSE

70. Kana asserts that some or all of Plaintiffs' claims are barred by the applicable statute of limitations.

WHEREFORE, having fully answered, Kana demands a judgment that the Amended Complaint be dismissed with prejudice at Plaintiffs' cost, and that Plaintiffs be ordered to pay Kana's attorneys' fees and expenses incurred in defending against Plaintiffs' lawsuit, and such other relief as is just and proper.

Respectfully submitted,

*/s/ Fred G. Pressley, Jr.*
Fred G. Pressley, Jr. (0023090)
PORTER WRIGHT MORRIS & ARTHUR LLP
41 South High Street
Columbus, Ohio 43215
Telephone: (614) 227-2233
Fax: (614) 227-2100
E-mail: fpressley@porterwright.com

Rachel E. Burke (0066863)
PORTER WRIGHT MORRIS & ARTHUR LLP
250 E. Fifth St., Suite 2200
Cincinnati, Ohio 45202
Telephone: (513) 369-4235
Fax: (513) 421-0991
E-mail: rburke@porterwright.com

*Attorneys for Defendants Kana Hotels, Inc. and Alpesh Patel*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Answer of Defendant Kana Hotels, Inc. to Plaintiffs' Amended Complaint was filed electronically on this 16th day of February, 2018. Notice of this filing will be sent by operation of the Court's electronic filing system to Plaintiff's attorneys of record:

Greg R. Mansell, Esq.
Carrie J. Dyer, Esq.
Mansell Law, LLC
1457 S. High Street
Columbus, OH 43207

/s/ Fred G. Pressley, Jr.

DMS/10804983v.1